[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on the grounds that the action is barred by the recreational use immunity statute and by governmental immunity.
The plaintiff, Ronald Scanlon, filed a two count complaint on October 10, 1989 against the City of West Hartford seeking damages for personal injuries which he sustained when a volleyball net pole and base fell on his foot while he was a participant in a volleyball game held at the Charter Oak School, which is owned and operated by the City of West Hartford. The first count alleged negligence and the second count alleged nuisance. The second count was stricken by the court, Corrigan, J., on December 20, 1989.
On January 26, 1990, the defendant filed its answer and two special defenses alleging governmental immunity and contributory negligence, respectively. The plaintiff filed a reply to the special defenses on April 5, 1990, thereby closing the pleadings.
On December 21, 1990, the defendant filed a motion to dismiss for lack of subject matter jurisdiction on the ground of governmental immunity. By memorandum of decision filed May 29, 1991, the court, Hennessey, J. denied the defendant's motion, stating that "the court does not lack jurisdiction because the issue is not one of sovereign immunity but governmental immunity. CT Page 1314 Unless the case fits into an exception, a defense of governmental immunity must be specially pleaded [as a defense]." (Memorandum of Decision on Motion to Dismiss, pp. 3-4).
Thereafter, on July 17, 1991, the defendant filed a motion for summary judgment on the grounds that the action is barred by the recreational use immunity statute, General Statutes 52-557g, and the action is barred by governmental immunity. The defendant filed a memorandum of law and the affidavit of Sheila Luddy, the Community Education Facilitator of the Charter Oak School, in support of its motion.
On August 31, 1991, the plaintiff filed a memorandum of law in opposition to the defendant's summary judgment motion. The plaintiff also filed his own affidavit, a copy of the court's May 29, 1991 memorandum of decision on the defendant's motion to dismiss, excerpts from the legislative history of General Statutes 52-557g, and a copy of "Neighborhood News," published by the Charter Oak Neighborhood Advisory Council.
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter or law. Practice Book 384; see Gurliacci v. Mayer, 218 Conn. 531, 562,590 A.2d 914 (1991). The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Noland v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). Because the burden of proof is on the movant, the nonmovant is given the benefit of all favorable inferences that can be drawn. Evans Products Co. v. Clinton Building Supply, Inc.,174 Conn. 512, 516, 391 A.2d 156 (1978).
The function of the trial court in summary judgment proceedings is not to decide issues of material fact but rather to determine whether any such issues exist. Noland, supra; see Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752 (1982). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986); CT Page 1315 see Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984).
I. Recreational Use Immunity
General Statutes 52-557g provides, in pertinent part:
 (a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
 (b) Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner.
"`Land' means land, roads, water, watercourses, private ways and building, structures, and machinery or equipment when attached to the realty." General Statutes 52-557f(2).
 "Recreational purpose" includes, but is not limited to, any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, snow skiing, sledding, hang gliding, CT Page 1316 sport parachuting, hot air ballooning and viewing or enjoying historical, archaeological, scenic or scientific sites.
General Statutes 52-557f(4).
The defendant claims that because the plaintiff does not allege any wilfull or malicious intent on the part of the defendant, and does not allege that he was charged an admission fee to participate in activities which were part of the adult evening recreation program at the Charter Oak School, the plaintiff's action is barred by the recreational use immunity statute, General Statutes 52-557g. The plaintiff claims that the adult evening volleyball program at Charter Oak School was open only to the residents of the Charter Oak neighborhood, not to all citizens of West Hartford or to the public in general. The plaintiff contends that the determination of whether the defendant made the school facilities "available to the public" in this situation is a disputed issue of material fact, thereby precluding summary judgment.
While the affidavit of Sheila Luddy submitted by the defendant asserts that the facilities of the Charter Oak School "were made available to the public for recreational purposes without charge," (Luddy Affidavit, para. 4), the plaintiff's affidavit states that he learned of the adult evening volleyball program through a newsletter entitled "Neighborhood News," which he was told was only delivered to residents of the Charter Oak neighborhood. (Scanlon Affidavit, paras. 3, 4, 6). A genuine issue of fact remains as to whether the adult evening volleyball program at the school was open to the general public or only to a particular segment of the public, namely residents of the Charter Oak neighborhood. See O'Donnell v. The Baseball Association of Wolcott, 2 CSCR 271 (January 27, 1987, O'Brien, J.) (motion for summary judgment denied because genuine issue of material fact exists as to whether baseball field open to public or just to Baseball Association of Wolcott). Accordingly, the defendant's motion for summary judgment on the ground that the plaintiff's action is barred by the recreational use immunity statute, General Statutes 52-557g, is denied. Since the defendant's motion is denied on this ground, the court need not make a determination at this time as to whether the adult evening volleyball program at the Charter Oak School falls within the definition in General Statutes 52-557f(4) of "recreational purposes." CT Page 1317
II. Governmental Immunity
General Statutes 52-557n provides in pertinent part:
 (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) the negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; . . .
 (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
The defendant claims that its provision of facilities for the adult evening volleyball games is a governmental function performed wholly for the direct benefit of the public and is supervisory or discretionary in nature and thus falls within the protection of governmental immunity. The plaintiff claims that the applicability of governmental immunity is a question of fact to be decided by the trier of fact. The plaintiff contends that his injuries occurred in the course of an adult evening volleyball game that was not sponsored by the defendant, but rather the defendant acted in a proprietary capacity, in that it merely provided the facilities to a specific group organization, not the general public. The plaintiff further argues that by providing the facilities and equipment to non-students, the defendant was under a ministerial duty, "to be performed in a prescribed manner without the exercise of judgment or discretion," to maintain its volleyball equipment in a reasonably safe condition.
"When municipalities are engaged in proprietary or ministerial activities, their actions are not considered governmental and, accordingly, they do not enjoy immunity from negligence resulting from such activities." Couture v. Board of Education, 6 Conn. App. 309, CT Page 1318 312, 505 A.2d 432 (1986), citing Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982).
 "The functions of a municipal corporation fall into two classes, those of a governmental nature, where it acts merely as the agent or representative of the state in carrying out its public purposes, and those of a proprietary nature, where it carries on activities for the particular benefit of its inhabitants. (Citations omitted)." R.A. Civitello v. New Haven, 6 Conn. App. 212, 217-18, 504 A.2d 542 (1986).
Couture, supra (Citation omitted).
"Whether the acts complained of . . . were governmental or ministerial is a factual question which depends upon the nature of the act." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,165, 544 A.2d 1185 (1988) (Emphasis added); Gauvin, supra, 186; see Appleton v. Kendra, 6 CSCR 1021,1022 (October 22, 1991, Hennessey, J.).
The determination of whether the provision of facilities by the defendant for an adult evening volleyball program at the Charter Oak School is a governmental function or a ministerial or proprietary function is a question of fact that cannot be resolved by summary judgment proceedings. Both parties have submitted case law in support of their respective positions; however, no cases have dealt with the exact facts of this situation such that it can be said as a matter of law that the defendant's acts were either discretionary or ministerial. Because a genuine issue of material fact remains regarding the nature of the defendant's acts in this particular situation, the defendant's motion for summary judgment on the ground that the plaintiff's action is barred by governmental immunity is denied.
Mary R. Hennessey, J.