[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs, Ellen Foley and Robert Foley, initiated this action against the defendants, Hartford Civic Center and Coliseum Authority [Authority] and the Wackenhut Corporation [Wackenhut], seeking damages for personal injuries allegedly sustained by plaintiff Ellen Foley during a November 15, 1992 concert attended by the plaintiffs at the Hartford Civic Center. The plaintiffs allege the following in their four count complaint dated August 10, 1993. Defendant Authority is a public recreation facilities authority at owns, controls, maintains, and/or provides security for the Hartford Civic Center. Defendant Wackenhut was responsible for providing security at the Hartford Civic Center in connection with the concert of November 15, 1992. Plaintiff Ellen Foley was assaulted by a belligerent spectator and sustained personal injuries as a result of the defendants' negligence.
In count one, plaintiff Ellen Foley alleges that. defendant Authority, acting through its agents, servants, and/or employees, was negligent in that it failed to timely remove and/or control the belligerent spectator upon being notified that she was presenting a danger to other spectators, failed to maintain a sufficient number of available security personnel, failed to provide a safe premises, and failed to timely intervene in the attack upon plaintiff Ellen Foley. In count two, plaintiff Robert Foley alleges that as a result of CT Page 3709 defendant Authority's negligence, he has incurred financial obligations on behalf of his wife, plaintiff Ellen Foley, and has been deprived of the care, companionship, service and attention of his wife.
In count three, plaintiff Ellen Foley alleges that defendant Wackenhut was negligent in that it failed to provide adequate security at the concert. In count four, plaintiff Robert Foley alleges that as a result of defendant Wackenhut's negligence, he has incurred financial obligations on behalf of his wife and has been deprived of the care, companionship, service and attention of his wife.
On October 21, 1993, defendant Authority filed a motion to strike counts one and two of the plaintiffs' complaint on the ground that the plaintiffs' claims are barred by the doctrine of governmental immunity. Defendant Authority's motion was accompanied by a supporting memorandum of law. On November 17, 1993, the plaintiffs filed a memorandum of law in opposition to defendant Authority's motion to strike.
On December 10, 1993, plaintiff Robert Foley withdrew counts two and four of the complaint. Thus, defendant Authority's motion to strike count one of the complaint is presently before the court.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Citation omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). The motion to strike admits all facts well pleaded; id.; and the trial court must construe the complaint in the manner most favorable to sustaining its legal sufficiency. Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). If facts provable under the allegations of the complaint would support a cause of action, the motion to strike must fail. Ferryman v. Groton, supra, 142.
Defendant Authority moves to strike count one on the ground that plaintiff Ellen Foley's negligence claim is barred by the doctrine of governmental immunity. Defendant Authority argues that because any duty owed to plaintiff Ellen Foley was discretionary, it is entitled to immunity from plaintiff Ellen CT Page 3710 Foley's negligence action. In opposition to defendant Authority's motion to strike, plaintiff Ellen Foley argues that because defendant Authority was acting in a proprietary or ministerial function, it is not immune. Plaintiff Ellen Foley further argues that General Statutes 52-557n renders defendant Authority liable for its negligent conduct.
"Notwithstanding the procedural posture of a motion to strike, [the Connecticut Supreme Court] has approved the practice of deciding the issue of governmental immunity as a matter of law." (Citations omitted.) Gordon v. Bridgeport Housing Authority, supra. Id. Although governmental immunity should be pleaded as a special defense,
 [i]f . . . `it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike.' Brown v. Branford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987); Nunes v. Blake Bus Service, Inc., 3 Conn. L. Rptr. 149, 150 (1991).
Santiago v. New Britain, 42 Conn. Sup. 22, 24, 598 A.2d 373
(1991, Wagner, J.); see Practice Book 164.
"`The public duty doctrine provides the starting point of the analysis' with regard to the question of municipal liability." Roman v. Stamford, 16 Conn. App. 213, 219,547 A.2d 97 (1988), aff'd, 211 Conn. 396, 397, 559 A.2d 710
(1989), quoting Gordon v. Bridgeport Housing Authority, supra. The public duty doctrine provides the following:
 If the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an CT Page 3711 individual wrong, and may support an individual action for damages.
(Citations omitted; internal quotation marks omitted.) Gordon v. Bridgeport Housing Authority, supra, 166. Defendant Authority argues that it had no specific duty to plaintiff Ellen Foley, a private individual, because the allegations contained in count one involve a purely public duty. Nevertheless, "although the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." (Citation omitted.) Id., 170.
 A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.
(Citations omitted; internal quotation marks omitted.) Id., 167-68; see Scanlon v. City of West Hartford, 7 CSCR 303, 305
(February 14, 1992, Hennessey, J.). "When municipalities are engaged in proprietary or ministerial activities, their actions are not considered governmental and, accordingly, they do not enjoy immunity from negligence resulting from such activities." (Citations omitted; internal quotation marks omitted.) Roman v. Stamford, supra, 221; see Scanlon v. City of West Hartford, supra. "Whether the acts complained of . . . [are] governmental or ministerial is a factual question which depends upon the nature of the act complained of." (Citations omitted; internal quotation marks omitted.) Couture v. Board of Education, 6 Conn. App. 309, 311, 505 A.2d 432
(1986); see Scanlon v. City of West Hartford, supra.
In her memorandum of law in opposition to the motion to strike, plaintiff Ellen Foley argues that defendant Authority acted in a proprietary capacity when it provided the Hartford Civic Center for a concert venue. "[A] political subdivision CT Page 3712 of the state shall be liable for damages to person or property caused by . . . negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit. . . ." General Statutes52-557n(a)(1)(B). Plaintiff Ellen Foley argues that General Statutes 52-557n(a)(1)(B) imposes liability on defendant Authority.
It is not apparent from the face of the complaint that defendant Authority was a municipal agency engaging in a governmental function. Construing count one of plaintiff Ellen Foley's complaint in the manner most favorable to sustaining its legal sufficiency, whether defendant Authority's actions were governmental or ministerial is a factual question that is not properly decided on a motion to strike. Whether defendant Authority derived a pecuniary benefit in connection with the November 15, 1992 concert at the Hartford Civic Center is a factual finding that is not properly determined on a motion to strike. Accordingly, defendant Authority's motion to strike count one of plaintiff Ellen Foley's complaint is denied.
Mary R. Hennessey, Judge