[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion to strike challenges the legal sufficiency of the allegations of a complaint, or any one or more counts thereof, to state a claim upon which relief may be granted. Practice Book 152(1); Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleading], and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). The facts are robe construed in the light most favorable to the pleader. Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991). If the facts provable under the allegations of the pleadings would support a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc.,196 Conn. 91, 109, 491 A.2d 368 (1985). "Where the legal grounds for such a motion are dependent upon underlying facts CT Page 9841 not alleged in the plaintiff's pleading, the defendant must await the evidence which may be adduced at trial, and the motion should be denied. Liljedahl Bros., Inc. v. Grigsby, supra, 348, quoting Fraser v. Henniger, 173 Conn. 52, 60, 376 A.2d 406
(1977).
The defendant board argues that it is immune from liability pursuant to the doctrine of sovereign immunity as an agent of the state. In addition, the defendant Board argues that it is immune from suit pursuant to the doctrine governmental immunity. The defendant Board argues that all of the acts of negligence alleged in the plaintiff's revised complaint are discretionary in nature, and are thus protected under the principles of governmental immunity. Finally, the defendant Board argues that its duty to the plaintiff was public in nature, there by precluding any individual action for damages.
The plaintiff argues in its memorandum that the defendant Board is not immune from liability under the doctrine of sovereign immunity because a board of education is not an agent of the state in a negligence action and, thus, the doctrine of sovereign immunity does not apply. The plaintiff further argues that the defendant Board may not avail itself of the protections under the doctrine of governmental immunity because the acts alleged by the plaintiff were ministerial in nature. Finally, the plaintiff argues that the duty owed to the plaintiff was a private duty and therefore, even if the alleged actions of the defendant Board were discretionary, individual liability may attach.
A local board of education can be an agent of the state for some purposes and an agent of the municipality for others. Heigl v. Board of Education, 218 Conn. 1, 3-4, 587 A.2d 423
(1991); Cahill v. Board of Education, 187 Conn. 94, 101,444 A.2d 907 (1982). Thus, local boards of education potentially enjoy immunity under two different theories of immunity for acts carried out within its governmental capacity. Heigl v. Board of Education, supra, 4.
Local boards of education are not agents of the state in performing each and every mandated function. Cheshire v. McKenney, 182 Conn. 253, 257, 438 A.2d 88 (1980). They are also agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the CT Page 9842 municipality's limits. Id., 563; Cahill v. Board of Education, supra, 101-02; see General Statutes 10-220, 10-240. Unlike the state, a town has no sovereign immunity. Murphy v. Ives,151 Conn. 259, 196 A.2d 596 (1963). When acting on behalf of the municipality, local boards of education are not shielded by the doctrine of sovereign immunity. See, e.g., Kosloff v. Fairfield City Council of Boy Scouts of America,6 Conn. L. Rptr. 88 (February 25, 1992, Spear, J.) (sovereign immunity does not bar claim against school board that minor plaintiff was injured when roller skating on school grounds, since board was not acting as a state agent in maintaining control over the school); Johnson v. Williams, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 247069 (February 25, 1992) (sovereign immunity does not bar claim that minor plaintiff was struck on the head by a pole which supported sports equipment while watching a basketball game on school grounds, since board was not acting as a state agent in maintaining control over the school). But see Arvoy v. City of Stamford, 2 Conn. L. Rptr. 319 (August 21, 1990, Lewis, J.) (sovereign immunity bars claim against school board that plaintiff was assaulted by another student, since board of education while performing its educational functions is a state agent). Because the allegations in the present case do not involve duties or activities for which the defendant Board is responsible as a state agent, the doctrine of sovereign immunity does not apply. See Cahill v. Board of Education, supra, 101.
A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. Ryszkiewicz v. New Britain, 193 Conn. 589, 593, 479 A.2d 793
(1984). Governmental immunity, however, is not a blanket protection for all official acts. Heigl v. Board of Education, supra, 4. Generally, governmental immunity must be specially pleaded. Practice Book Section 164; Gauvin v. New Haven,187 Conn. 180, 184, 445 A.2d 1 (1982). If, however, "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by plaintiff, the plaintiff . . . may attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987).
An exception to this limited immunity arises where the municipal agency owes a private duty to an individual rather than a public one. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, CT Page 9843 166, 544 A.2d 1185 (1988). The existence of a duty is a question of law. Id., 171, This doctrine has been articulated as follows:
 If the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages.
Roman v. Stamford, 16 Conn. App. 213, 220, 547 A.2d 97 (1988), aff'd., 211 Conn. 396 (1989), quoting Gordon v. Bridgeport Housing Authority, supra, 166. The test to determine whether the action involved creates a duty to the individual is the following:
 If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual and if the official is negligent in the performance of that duty he is liable to the individual.
Id. at 220.
The public duty doctrine provides the starting point of analysis with regard to the question of municipal liability. Gordon v. Bridgeport Housing Authority, supra, 170. Thus, "the court looks to see whether there is a public or private duty." Id. This determination involves a question of law. Id.; Roman v. Stamford, supra, 220. "Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citation omitted.) Gordon v. Bridgeport Housing Authority, supra, 171.
The plaintiff in the present action argues that the duty imposed upon the defendant Board is a private one, whereas the defendant Board argues that any duty owed to the plaintiff is of CT Page 9844 a public nature. In Heigl v. Board of Education, supra, 2, the board of education promulgated an open campus policy under which high school students were permitted to leave campus during unscheduled times. This policy affected every student at the high school. Id. The Heigl court held that the board was acting for the public benefit and was not discharging an affirmative duty toward an identifiable individual student. Id., 8. As in Heigl, the defendant Board's actions concerning gym classes affect every student at the Kennedy High School. Thus, the duty imposed on the defendant Board is a public one. See Heigl v. Board of Education, supra, 8.
After a duty has been characterized as either public or private, the issue of whether an act is ministerial or discretionary will often control the issue of municipal liability without regard to whether the duty is ascertained to be public or private. Roman v. Stamford, supra, 221. Limited immunity from liability has been granted to municipalities where the municipality, through its agent or employee, acts in the performance of a governmental or discretionary duty. Ryszkiewicz v. New Britain, 193 Conn. 589, 593, 479 A.2d 793
(1984); Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1
(1982). The plaintiff in the present case alleges that actions of the defendant Board are ministerial in nature. The defendant Board, however, alleges that any action it took in this situation is discretionary.
The court has discussed extensively the difference between a ministerial and a discretionary act. Heigl v. Board of Education, supra, 5. "governmental acts are performed wholly for the direct benefit of the public and are supervisory in nature . . . . On the other hand, ministerial acts are performed without the exercise of judgment or discretion as to the propriety of the action." (Citations omitted.) Gauvin v. New Haven, supra, 184. Generally, liability may attach for a negligently performed ministerial act, but not for a negligently performed governmental or discretionary act. Gordon v. Bridgeport Housing Authority, supra, 167-68. "[W]hether the acts complained of . . . [are] governmental or ministerial is a factual question which depends upon the nature of the acts complained of." Gauvin v. New Haven, supra, 186,; see also Couture v. Board of Education, supra, 311.
It is proper for trial courts to rule on a motion to strike when a determination of whether certain duties are ministerial CT Page 9845 or discretionary can be made as a matter of law. Gordon v. Bridgeport Housing Authority, supra, 179-80 (court holding that the operation of a police department is a discretionary governmental function); Heigl v. Board of Education, supra, 7 (court holding that defendant's actions in implementing an open campus policy under aa [a] statutorily created duty were discretionary and not ministerial).
The plaintiffs have alleged sufficient facts to demonstrate that a public duty is imposed upon the defendant Board in its promulgation of the policy to conduct gym classes at the Kennedy High School and in its duty to supervise these classes. In the present case, the issue turns on whether the defendant Board's alleged actions with respect to the public duty were ministerial or discretionary. See Roman v. Stamford, supra, 221. The defendant Board has not demonstrated that its actions regarding the gym class — proper supervision, safety procedures, instruction, warning, observation, precautionary measures and reasonable degree of care — are, as a matter of law, discretionary. Viens v. Graner, 9 Conn. L. Rptr. 306, 308 (June 28, 1993, Teller, J.). Therefore, the defendant's motion to strike is denied.
SYLVESTER, J.