[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT OF DEFENDANT CITY OF NORWICH
I
On January 9, 1991, the plaintiff, Charles R. Iovino, filed a three-count amended complaint against the defendants, CT Page 3392 City of Norwich (hereinafter "Norwich"), and Thomas J. Kirker, St. (hereinafter "Kirker"), for damages sustained arising from Kirker's alleged violation of Norwich's zoning regulations. The following facts are alleged against Norwich in count one.
The plaintiff is the owner of the premises located at 6 Royal Oaks Drive in Norwich, Connecticut. Norwich is a municipal corporation, and Kirker is the owner of the premises located at 10 Royal Oak Drive in Norwich, Connecticut, which abuts the plaintiff's premises. The properties owned by the plaintiff and Kirker are located in an area zoned for residential purposes. The operation of Kirker's commercial construction business on said premises is in violation of Norwich's zoning regulations.
Although the plaintiff has requested Norwich to enforce its zoning regulations, Norwich has not taken proper action to abate Kirker's operation. Because of the heavy traffic, constant noise, and dust associated with Kirker's commercial operation, Kirker has interfered with the plaintiff's peaceful and quiet enjoyment of his premises. The plaintiff alleges that these conditions constitute a nuisance.
On March 26, 1993, Norwich filed a motion for summary judgment with a supporting memorandum of law, as to count one of the plaintiff's amended complaint. Norwich filed a supporting affidavit by Henri Lambert, its zoning enforcement officer (hereinafter "ZEO"). Norwich argues that summary judgment should be granted because count one is barred by General Statutes 52-557n(b)(7) and 52-557n(b)(8) and because it is immune from suit pursuant to the doctrine of governmental immunity.[1] No opposing memorandum of law or affidavits were then filed.
On April 19, 1993, Norwich's motion for summary judgment was granted without a memorandum of decision. On May 18, 1993, the plaintiff's motion to open the judgment and motion for an extension of time in which to reply to Norwich's motion for summary judgment were granted by the court.
On May 3, 1993, the plaintiff filed his affidavit in opposition to Norwich's motion for summary judgment. In his affidavit, the plaintiff states that Kirker's conduct violates Norwich's zoning regulations and violates the deed restrictions common to all properties situated on the CT Page 3393 subdivision map of Royal Oak Estates. The plaintiff further states that although the ZEO issued a cease and desist order to Kirker on July 6, 1988, the alleged conduct continues.
 II
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Wilson v. New Haven, 213 Conn. 277,279 (1989). Governmental immunity may be asserted as a ground for a motion for summary judgment. See Arnette v. Spinola,4 CSCR 834, 834-35 (November 3, 1989, Lewis, J.). "Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Johnson v. Meehan, 225 Conn. 528, 534-35 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Connecticut Bank Trust Co. v. Carriage. Lane Associates, 219 Conn. 772, 781 (1991).
The "party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Id. "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 246 (1990).
"It is well established that a town may be held liable for injury resulting from a nuisance created and maintained by it." (Citations omitted; internal quotation marks omitted.) Kostyal v. Cass, 163 Conn. 92, 98 (1972). Norwich argues that count one is barred as a matter of law by General Statutes52-557n(b)(7) and 52-557n(b)(8) which provide in relevant part:
 Notwithstanding the provisions of subsection (a) of this section,[2] a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall CT Page 3394 not be liable for damages to person or property resulting from: . . . (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety; (8) failure to make an inspection or making an inadequate or negligent inspection of any property . . . to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances. . . .
Thus, although a municipality may not be liable for discretionary actions, liability may be imposed when such actions constitute the creation or participation in the creation of a nuisance or a reckless disregard for health or safety. The plaintiff alleges that Norwich's failure to enforce its zoning regulations permitted the maintenance of a nuisance which interfered with his sleep and quiet enjoyment of his premises. It is also evident that there exists a genuine issue of material fact as to whether Norwich's failure to enforce its zoning regulations constitutes the creation or participation in the creation of a nuisance or a reckless disregard for the plaintiff's health or safety.
 III
Norwich further argues that count one is barred on the ground of governmental immunity but Norwich failed to plead the defense of governmental immunity as a special defense. Ordinarily, a defense of governmental immunity must be pleaded as a special defense. See Gauvin v. New Haven, 187 Conn. 180,184-85 (1982), citing Practice Book 164 (governmental immunity need not be pleaded as a special defense when governmental immunity is fully litigated at trial). But where "it is apparent from the face of the complaint that the CT Page 3395 municipality [is] engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense. . . ." Brown v. Branford, 12 Conn. App. 106, 111 n. 3 (1987).
The plaintiff alleges the following in count one: Norwich is a municipal corporation exercising authority under the provisions of General Statutes 7-148; Norwich has adopted various zoning regulations and its officials have a duty to enforce these zoning regulations. The court may, therefore, find that it is apparent from the face of the plaintiff's amended complaint that Norwich was engaging in a governmental function while in the non performance of its duties complained of by the plaintiff. Therefore, the failure to plead governmental immunity as a special defense does not preclude Norwich from raising it on its present motion for summary judgment.
Norwich argues that count one is barred by governmental immunity because its ZEO performs a discretionary governmental duty. A municipality enjoys limited immunity where the municipality, through its agent or employee, acts in the performance of a governmental or discretionary duty. Ryszkiewicz v. New Britain, 193 Conn. 589, 593, (1984); Gauvin v. New Haven, supra, 184. See also Burns v. Board of Education, 228 Conn. 640 (1994). Although liability does not ordinarily attach for a negligently performed governmental or discretionary duty; Gordon v. Bridgeport Housing Authority,208 Conn. 161, 167-68 (1988); determining whether an act is governmental or discretionary "is a factual question which depends upon the nature of the acts complained of." Gauvin v. New Haven, supra, 186. Determining whether Norwich's conduct is discretionary is a question of fact. As this is so, there exists a genuine issue of material fact as to whether Norwich is immune from liability because it was performing a discretionary duty. Furthermore, it must be kept in mind that the plaintiff also seeks relief enjoining Norwich to enforce its zoning regulations. Norwich has not cited any case supporting the proposition that such immunity bars an action for injunctive relief such as the plaintiff's and the cases cited by Norwich involve only claims for damages.
In viewing the evidence in the light most favorable to the nonmoving party, Norwich has not met its burden of showing CT Page 3396 the nonexistence of a material fact. Therefore, Norwich's motion for summary judgment on count one of the plaintiff's amended complaint is denied.
Teller J.