[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a five-count complaint seeking damages for personal injuries suffered by the minor plaintiff when she tripped over a protruding tree root on the premises of the Milner School in Hartford.
The first count on behalf of the minor plaintiff is directed against the school board, its members, and various employees of the school board and the City of Hartford.
In the second count, which incorporates the allegations of the first count, the mother seeks damages from the same parties for expenses she incurred or will incur in the future.
In the third count, the plaintiffs allege that each of the defendant Board members, as well as defendants Haig, Chambers, Giguer, Jones, and Kormer, were acting within the scope of their employment by the defendant Board and that the minor plaintiff's injuries were not the result of any willful or wanton act on their part. The plaintiffs further allege that the Board received adequate written notice of this action and that the Board is required, pursuant to General Statutes § 10-235, to pay any judgment rendered against the individual Board members or their employees. Similarly, in the fourth count, the plaintiffs allege that the defendant City of Hartford is required to pay any judgment rendered against the named individual defendants pursuant to General Statutes § 7-465.
In the fifth count, which incorporates the allegations of the fourth count, the, plaintiff mother seeks damages for expenses she has incurred, or will incur in the future. . . ."
In support of their motion to strike, the defendants argue that they are immune from liability in the present case because the plaintiffs have failed to allege any facts establishing that the defendants owed a duty of care, either privately or ministerial in nature, to the plaintiffs. In addition, the defendants assert that they are immune from suit by virtue of General Statutes § 52-557n(b)(4), which precludes the placement of liability on municipal defendants for injuries sustained on unpaved roads, trails, or footpaths which serve to provide access to recreational or scenic areas. Finally, the defendants CT Page 9642 claim that because they are entitled to municipal immunity, the statutory indemnification claims, asserted in courts three, four and five, must consequently fail.
Plaintiffs argue that there are "questions of fact" as to whether the minor plaintiff falls within the "foreseeable class of victims" exception to the doctrine of governmental immunity and whether the defendants are entitled to statutory immunity pursuant to General Statutes § 52-557n. Plaintiffs argue further that the defendant Board members and the Board's employees are liable for their own negligence and that the defendant Board and defendant City of Hartford are obligated to indemnify those defendants. The general rule is that governmental immunity must be specially pleaded. Gauvin v. New Haven,187 Conn. 180, 184, 445 A.2d 1 (1982). Where, however, the face of the complaint reveals that "the municipality was engaging in a governmental function while performing the acts and omissions complained of . . . the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford,12 Conn. App. 106, 111 n. 3, (1987). In Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, our Supreme Court reaffirmed its position that notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law.
-I-
General Statutes § 52-557n(b) provides, in pertinent part, that
 a political subdivision of the state or any employee, officer of agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . . (4) the condition of an unpaved road, trail or footpath, the purpose of which is to provide access to a recreational or scenic area, if the political subdivision has not received notice and has not had a reasonable opportunity to make the condition safe . . . . CT Page 9643
The plaintiffs have not alleged that the minor plaintiff was travelling on an "unpaved road, trail or footpath, the purpose of which is to provide access to a recreational or scenic area."
Viewing the facts alleged in the complaint in the light most favorable the plaintiffs, we are unable to find that the plaintiffs are barred by the provisions of General Statutes § 52-557n(b)(4).
-II-
Defendants also claim that they are shielded from liability in the present case by the doctrine of municipal, or governmental, immunity. "At common law, Connecticut municipalities enjoy governmental immunity, in certain circumstances, from liability for their tortious acts."Ryskiewicz v. New Britain, 193 Conn. 589 593 479 A.2d 793
(1984); see Heigl v. Board of Education, 218 Conn. 1, 4,587 A.2d 423 (1991). "Governmental immunity, however, is not a blanket protection for all official acts. For example, `[a] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts . . . .'" Heigl v. Board of Education,
supra, quoting Gordon v. Bridgeport Housing Authority,208 Conn. 161, 167 (1988). Local boards of education are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipalities' limits. R.A. CivitelloCo. v. New Haven, 6 Conn. App. 212, 218 (1986).
While municipal immunity does not exist where a municipal agency owes a private duty to a plaintiff and not a public one (Gordon v. Bridgeport Housing Authority,
supra, 208 Conn. 165), in this case the complaint does not contain any allegations that the minor plaintiff was owed a private duty by the defendants.
If the duty involved is a public duty, the issue of municipal liability turns upon whether the specific act in issue was ministerial or discretionary. Roman v. Stamford,16 Conn. App. 213, 221 (1988), aff'd. 211 Conn. 396 (1989). Discretionary acts are performed wholly for the direct benefit of the public and are supervisory in nature. CT Page 9644Gauvin v. New Haven, 187 Conn. 180, 184 (1982). Ministerial acts are those that are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. Gordon v.Bridgeport, supra, 208 Conn. 168; see Evon v. Andrews,211 Conn. 501, 505, 559 A.2d 1151 (1989). Generally, liability may attach for a negligently performed ministerial act.Kolaniak v. Board of Education, 28 Conn. App. 277, 281
(1992).
Plaintiffs claim that the action of failures alleged by them are "ministerial" in nature and rely on Kolaniak v.Board of Education, supra, for the proposition that the act of maintaining a walkway at a public school is a ministerial one. In that case the plaintiff, a student in an adult education program held at Central High School in Bridgeport, slipped and fell on a snow-covered walkway located on the school's grounds. The court held that the determination as to when to clear a sidewalk was not a "discretionary function" because in that case the board of education's bulletin to all custodians and maintenance personnel clearly specified that they were to keep the walkways clear of snow and ice." The court concluded that it would "not equate the act of clearing snow and ice by maintenance workers, in accordance with a directive by the policy-making board of education, with the "policy decisions that are usually afforded the protection by the doctrine of governmental immunity."
In the present case, the plaintiffs have not set forth any allegations that there existed any policy or directive which required that all pathways on the school's grounds be kept clear of all obstacles, including protruding tree roots. We find that the acts or omissions alleged by the plaintiffs in the present case are clearly discretionary in nature.
While municipal liability does not generally attach for the performance of discretionary acts, our Supreme Court in Evon v. Andrews, supra, set forth three established exceptions, or circumstances, in which municipal liability may attach despite the discretionary nature of the municipality's acts or omissions:
[F]irst where the circumstances make it apparentCT Page 9645 to the public that [the] failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence (emphasis added). Evon 211 Conn. 505.
The plaintiffs cite Burns v. Board of Education,228 Conn. 640 (1994), for the proposition that there is a "foreseeable class of victims" exception to governmental immunity that includes school children who slip and fall on school grounds. In that case the plaintiff had been injured as the result of a fall on ice, during school hours, on a main access way on the school grounds. The court stated that "[a]t least during school hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated." Id., 649. The court noted that "this accident could not have occurred at any time in the future, rather, the danger was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus. Further, the potential for harm from a fall on ice was significant and foreseeable" Id. 650. The court concluded that "[u]nder these circumstances . . . the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds, and accordingly governmental immunity is no defense."
Viewing the complaint in the light most favorable to the plaintiffs, the facts alleged do not fall within theBurns exception. The "danger" posed by the existence of the exposed tree root on the pedestrian passway was not limited in duration, as was the icy condition in Burns; nor was the potential harm from a fall on the exposed tree root "significant and foreseeable", as was the icy condition that existed in Burns. We find that the plaintiffs have failed to allege facts sufficient to fall within this exception to municipal immunity as defined in Evon and CT Page 9646Burns supra.
In counts three and four of the complaint, the plaintiffs have set forth claims for statutory indemnification pursuant to General Statutes §§ 10-235 and7-465, respectively, Teachers, board of education members and employees thereof are given the right of indemnification from the board of education for any "acts [which] are not wanton, reckless or malicious, provided such [person] . . . was acting in the discharge of his or her duties or within the scope of employment . . . ." General Statutes § 10-235(a); see also General Statutes § 7-465(a)(1).
In King v. Board of Education, 203 Conn. 324, 326
1987) our Supreme Court stated:
 [T]he legislature intended to make indemnification available to aboard of education employee for losses sustained from claims or suits for damages, injunctive relief or both, resulting from any act of the employee performed in the discharge of his or her duties or within the scope of employment or under the direction of such board . . . .
In this scenario the municipality's liability is clearly derivative. Kaye v. Manchester, 20 Conn. App. 439
(1990), quoting Ahern v. New Haven, 190 Conn. 77, 82,459 A.2d 118 (1983).
Since we have found that the claims asserted against the municipal employees and the Board members are barred by the doctrine of municipal immunity, we conclude that the plaintiffs' claims for statutory indemnification against the City of Hartford, pursuant to General Statutes § 10-35, are legally insufficient.
Defendants' motion to strike each count of the plaintiffs' complaint is granted.
Wagner, J. CT Page 9647