GILBERT R. GAUVIN *v.* CITY OF NEW HAVEN

SPEZIALE, C. J., HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued March 11—decision released May 18, 1982

*Robert S. Reger,* special assistant corporation counsel, for the appellant (defendant).

*Robert E. Reilly,* with whom, on the brief, was *Frederick P. Amore,* for the appellee (plaintiff).

ARMENTANO, J.   This appeal raises the issue of whether a municipality must specially plead governmental immunity to merit its consideration as a defense to an action alleging the negligent operation of a city park.

One of the fingers in the plaintiff's dominant hand was broken when a link in a chain supporting a playground swing on which he was sitting broke. The plaintiff brought an action in negligence against the defendant city, alleging that the defendant's failure to exercise reasonable care in maintaining the chain links of the swing, located in Lighthouse Park in New Haven, proximately caused his personal injuries and damages. Specifically the plaintiff alleged that the defendant, its officers, agents, servants and employees, failed to replace rusted chain links, failed to warn the public that the swings were unsafe, failed to prevent the public from using the unsafe swing, failed reasonably to inspect the swing for defects, and failed reasonably to maintain the swing.

In its answer the defendant admitted that it was a municipal corporation and denied the allegations relating to liability in the complaint. As a special defense, the defendant alleged that the plaintiff's negligence was the proximate cause of his personal injuries and damages. The defendant did not in its pleadings, or at trial, expressly raise governmental immunity as a defense.

Two days after the one-day trial, the court asked the plaintiff's counsel in a letter, with a copy to defendant's counsel, upon what theory of liability he was proceeding. The record does not indicate what precipitated the letter. After receiving a copy of the letter, counsel for the defendant requested counsel for the plaintiff to provide him with a copy of the plaintiff's response to the court's letter so that he would have an opportunity to address the issues raised in the response. Counsel for the plaintiff explained in a letter to the court

that the action was brought in negligence, and noted that governmental immunity should have been, but was not, pleaded as a special defense. Counsel for the plaintiff contended that the defense should not, therefore, be considered by the court.

Upon receipt of that letter, the court requested counsel for the defendant to respond thereto. In complying with that request, the defendant for the first time expressly claimed that the defendant was not liable for any negligence in the operation of a public park because it is a governmental function. The defendant further claimed that governmental immunity need not be raised in a special defense, which claim was countered by counsel for the plaintiff in a subsequent letter to the court.

In its memorandum of decision the trial court declined to consider the governmental immunity defense because it was not pleaded specially. To allow the defendant to raise the defense after the trial had concluded, the court explained, would unfairly prejudice the plaintiff. The court further reasoned that if the defendant had been negligent in performing a ministerial act, then governmental immunity would not relieve it of liability, but the court did not expressly address whether the acts complained of were ministerial in nature. Finding that the defendant was negligent in not repairing the swing, or in failing to prevent the public from using it, when the defendant had constructive notice that one of the chain links was rusted and worn, the court awarded the plaintiff $2400 for his personal injuries and damages, plus costs. In its appeal the defendant claims that the court erred in not considering and upholding the defense of governmental immunity.

A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. See, e.g., *Spitzer* v. *Waterbury,* 113 Conn. 84, 87, 154 A. 157 (1931); *Richmond* v. *Norwich,* 96 Conn. 582, 588, 115 A. 11 (1921); *Boucher* v. *Fuhlbruck,* 26 Conn. Sup. 79, 82, 213 A.2d 455 (1965). On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. *Tango* v. *New Haven,* 173 Conn. 203, 204–205, 377 A.2d 284 (1977); *Wright* v. *Brown,* 167 Conn. 464, 471, 356 A.2d 176 (1975); *Pluhowsky* v. *New Haven,* 151 Conn. 337, 347, 197 A.2d 645 (1964); *Blake* v. *Mason,* 82 Conn. 324, 327, 73 A. 782 (1909); *Boucher* v. *Fuhlbruck,* supra, 81–82.

When governmental immunity is fully litigated at trial, and evidence material thereto is introduced without objection by the plaintiff, this court has held that the defense need not be raised as a special defense in the pleadings to permit its consideration. *O'Donnell* v. *Groton,* 108 Conn. 622, 625, 144 A. 468 (1929). Under those circumstances, the plaintiff is deemed to have waived his objection to the failure to plead a special defense. Cf. *Alderman* v. *Hanover Ins. Group,* 155 Conn. 585, 590, 236 A.2d 462 (1967), aff'd after remand, 169 Conn. 603, 363 A.2d 1102 (1975). Under most other circumstances however, including those present in this case, the defense is like those that require pleading as a special defense under Practice Book § 164.[1]    See

---

[1] Practice Book § 164 provides: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no

Practice Book § 165; *Wright* v. *Coe & Anderson, Inc.,* 156 Conn. 145, 156, 239 A.2d 493 (1968); *Trzaska* v. *Hartford,* 12 Conn. Sup. 301, 302 (1943); but see *Atwell* v. *Middletown,* 16 Conn. Sup. 395, 399 (1949); *Young* v. *Stamford,* 15 Conn. Sup. 442, 443 (1948). Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded. Compare *Pawlinski* v. *Allstate Ins. Co.,* 165 Conn. 1, 6, 327 A.2d 583 (1973), with *Trzaska* v. *Hartford,* supra, 302. The purpose of requiring affirmative pleading is to apprise the court and the opposing party of the issues to be tried and to prevent concealment of the issues until the trial is underway. *Pawlinski* v. *Allstate Ins. Co.,* supra, 6.

But for the post trial events in the present case, therefore, the court would not have been bound to consider the governmental immunity defense because it was not pleaded as a special defense and nothing in the record indicates that the plaintiff waived any objection he had to the defendant's failure to comply with the requirement of pleading. A trial court may request counsel to clarify claims after the evidence is closed and arguments are completed, and is usually free to exercise its discretion in deciding whether to permit an amendment to pleadings submitted by counsel in response. See General Statutes §§ 52-128, 52-130; Practice Book §§ 108, 176; *Evans* v. *Byrolly Transportation Co.,*

cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res adjudicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be his own."

124 Conn. 10, 12, 197 A. 758 (1938); cf, e.g., *Wright* v. *Coe & Anderson, Inc.,* supra, 155. By requesting the defendant to respond to the issues addressed in the plaintiff's letter, however, the court created the possibility that the defendant would raise the defense of governmental immunity. The unusual correspondence among the court and counsel for the parties precluded the court from exercising its usual discretion in considering whether to address the defense as an amendment to the defendant's answer after the pleadings were closed, despite the fact that the defense was not formally submitted by the defendant.[2]

Whether the acts complained of in operating a city park were governmental or ministerial is a factual question which depends upon the nature of the act complained of. *Tango* v. *New Haven,* 173 Conn. 203, 205–206, 377 A.2d 284 (1977); *Doran* v. *Waterbury Parking Authority,* 35 Conn. Sup. 280, 281, 408 A.2d 277 (1979); *Boucher* v. *Fuhlbruck,* supra, 81; *Cieri* v. *Hartford,* 8 Conn. Sup. 542, 542–43 (1940). See generally 18 McQuillin, Municipal Corporations (3d Ed. Rev.) §§ 53.112, 53.114. If the acts are considered governmental in character, then the defendant is not liable because the plaintiff has not alleged statutory liability and the defendant is otherwise immune. *Wysocki* v. *Derby,* 140 Conn. 173, 174, 98 A.2d 659 (1953).

At trial, the director of the New Haven parks and recreation department testified as to the operation

---

[2] Our holding on the extraordinary circumstances of this case does not lessen our disapproval of submission by parties of informal letter requests and pleadings that do not comport with the rules of practice. See, e.g., *Kroop* v. *Kroop,* 186 Conn. 211, 217, 440 A.2d 293 (1982); *Gould* v. *Sturman,* 186 Conn. 13, 15, 438 A.2d 1181 (1982); *Bonczkiewicz* v. *Merberg Wrecking Corporation,* 148 Conn. 573, 583, 172 A.2d 917 (1961).

of city parks generally and Lighthouse Park in particular, as it related to the maintenance and repair of the defective swing. This testimony could have provided an adequate basis for the trial court to determine whether the acts complained of were ministerial or governmental and whether the defense of governmental immunity could have been sustained.

The case is remanded for further articulation of the trial court's finding particularly in respect to whether the negligent acts were ministerial in nature and a ruling on the defendant's defense of governmental immunity.

In this opinion the other judges concurred.