[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS TO STRIKE #138 AND #135
The plaintiff John J. Brennan Construction Company ("Brennan") sues Lt. Robert White ("White"), a police officer for the City of Shelton, and the City of Shelton ("City") for damages sustained when the defendant White allegedly directed and detoured an employee of the plaintiff operating a Gradall away from a construction area onto a side street where the plaintiff's vehicle collided with some low overhanging branches.
In the first count of the revised complaint the plaintiff alleges that the defendant White was negligent in directing the plaintiff's employee onto a road where the plaintiff's vehicle would not be able to pass safely. In the second count, the plaintiff claims that the low hanging branches constituted a nuisance created by the City's failure to prune the trees properly. In the third count, the plaintiff alleges that the City is liable to the plaintiff for the defendant White's negligence pursuant to Connecticut General Statutes Section 7-465.
Defendant White moves to strike the first count of the plaintiff's revised complaint on the ground that the claim "is barred by the doctrine of governmental immunity." The Defendant, City, moves to strike the second and third counts of the complaint because "the plaintiff fails to allege any positive act performed by the defendant" and the "claims are barred by governmental immunity."
A motion to strike admits all well pleaded facts in the complaint, and such facts are construed most favorably to the plaintiff. Mozzochi v. Beck, 204 Conn. 590, 491 (1987); Cavallo v. Derby Savings Bank, 188 Conn. 285-86 (1982).
Defendant White's motion and one ground of the City's motion are both based on the doctrine of governmental immunity. A municipality has limited immunity against liability for its tortious acts or omissions. Ryszkiewicz v. New Britain, 193 Conn. 589,593 (1984). Generally, a municipal employee can be liable for tortious performance of a "ministerial" act, but generally cannot be liable for tortious performance of a "discretionary" act. Id.
Generally, governmental immunity must be specially pleaded in accordance with Practice Book Section 164. Gauvin v. New Haven, CT Page 7796187 Conn. 180, 184 (1982). Only if,
 it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, [is] the defendant not required to plead governmental immunity as a special defense and [is permitted to] attack the legal sufficiency of the complaint through a motion to strike.
Brown v. Branford, 12 Conn. App. 106, 111 n. 3 (1987).
"Governmental acts are performed wholly for the direct benefit of the public and are supervisory in nature. . . .On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,167-68 (1988), quoting Gauvin, 187 Conn. at 184. It is not apparent from the face of the complaint whether the acts or omissions complained of by the plaintiff are discretionary or ministerial. Under the Brown analysis, the motions to strike based on governmental immunity are denied.
The City also seeks to strike the second count of the complaint which sounds in nuisance. The City claims that plaintiff has failed to allege any positive act on the City's part in creating the alleged nuisance.
"Liability in nuisance can be imposed on a municipality only if the condition constituting the nuisance was created by the positive act of the municipality. Failure to remedy a dangerous condition not of the municipality's own making is not the equivalent of the required positive act." Wright v. Brown,167 Conn. 464, 470 (1975). 205, (1980) (where the court denied a nuisance claim based on the defendant town's failure to properly clean ice and snow which had accumulated on town roads).
The second count of the revised complaint states that the nuisance was "created by the City of Shelton. . .in that the City of Shelton failed to properly prune the trees for low hanging, hazardous branches." The complaint has not alleged a positive act on the City's part, but only a failure to act. This is the same argument which the Connecticut Supreme Court has previously rejected in Lucas. The City's motion to strike the nuisance claim is granted.
MEADOW, J. CT Page 7797