[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SHORT CALENDAR, SEPTEMBER 16, 1991
The plaintiff, Michael Rodriguez, filed a four-count complaint on August 1, 1991, alleging that he sustained serious injuries arising from a collision between the car in which he was a passenger and a dump truck engaged in plowing snow. The complaint named as defendants Michael Plante, the operator of the truck; the City of New Britain, the owner of the truck; and Sally A. Jipson, the owner and operator of the automobile in which plaintiff was a passenger.
On August 27, 1991, defendants Michael Plante and the City of New Britain moved to strike the third count of plaintiff's complaint, on the ground that it failed to state a cause of action upon which relief could be granted because the doctrine of governmental immunity precluded liability.
As required by Conn. Practice Book 155, the defendants have filed a memorandum in support of their motion to strike, and the plaintiff has timely filed a memorandum in opposition.
A motion to strike is used to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). "The motion to strike, like the demurrer, admits all facts well pleaded. . . . The allegations are entitled to the same favorable construction as a trier would be required to give in CT Page 8571 admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike should not be used where facts additional to those in the pleadings should be considered. Sheets v. Teddy's Frosted Foods, 179 Conn. 471, 472, 427 A.2d 385 (1980).
At common law, a municipality was generally immune from liability for its tortious acts. Gordon v. Bridgeport Housing Authority, supra, 165. This immunity was codified by the state legislature in the Tort Reform Act of 1986, No. 86-338 of the 1986 Public Acts. Sanzone v. Board of Police Commissioners,219 Conn. 179, 180, 592 A.2d 912 (1991). "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." General Statutes 52-557 (n)(a)(2)(B). Municipalities remain liable, however, for their negligence in performing ministerial acts. "The word `ministerial' `refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion'." Evon v. Andrews, 211 Conn. 501,505, 559 A.2d 1131 (1989) (citations omitted).
The general rule regarding the application of the governmental immunity doctrine is that "[w]hether the acts complained of . . . were governmental or ministerial is a factual question which depends upon the nature of the act complained of." Gauvin v. New Haven, 187 Conn. 180, 186, 445 A.2d 1
(1982). The third count of plaintiff's complaint charges that the City of New Britain was negligent in permitting Michael Plante to operate the truck "although it knew or should have known that Michael Plante was not a careful or safe operator" of the truck, and in failing to "[ascertain] that he would operate it in a safe and proper manner."
The claims in the third count of the complaint allege negligence in the City of New Britain's management and supervision of its employees. A careful search for precedent indicates that no court has previously made a determination as to whether such functions are discretionary or ministerial. Therefore, under the rule stated in Gauvin, supra, 165, the question of whether the acts or omissions of the City of New Britain in managing or supervising its personnel are immune from liability is a question of fact for the trier of fact to decide.
This requires that the defendant's motion to strike CT Page 8572 based on the governmental immunity doctrine be denied, because whether the alleged negligent acts or omissions of the defendant City of New Britain were ministerial or discretionary in nature is a question of fact which may not properly be decided on a motion to strike.
BURNS, J.