[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendants, Town of East Hartford (Town) and Richard Thivia (Thivia) have moved for summary judgment on the complaint, which alleges that the plaintiff was injured when he was struck on the head by a golf ball on a golf course operated by the town at which Thivia was a golf professional. The defendants argue that the complaint is barred by the doctrine of governmental immunity. Thivia further argues that even if governmental immunity does not bar the complaint against the Town, summary judgment should issue in his favor based on facts contained in his affidavit, which have not been opposed by the plaintiff.
A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Gavin v. New Haven, 187 Conn. 180, 184, A.2d (1982). Governmental acts have been defined as those in which the municipality acts merely as an agent or representative of the state in carrying out its public purposes, while proprietary or ministerial acts are those in which a municipality carries on activities for the particular benefit of its inhabitants.
R. A. Civitello v. New Haven, 6 Conn. App. 212, 217-18,504 A.2d 542 (1986) (citing Winchester v. Cox, 129 Conn. 106, 109,26 A.2d 92 (1942).
In Gavin, supra, the court stated that whether acts complained of in operating a city park were governmental or proprietary was a factual question. 187 Conn. at 186.
The defendants cite Hannon v. Waterbury, 106 Conn. 13, A.2d (1927) to support their claim that governmental immunity will apply to bar the complaint unless the Town operated the golf course for profit. This appears to be a correct summary of the holding of Hannon. However, although Hannon has never been overruled, it is not consistent with the more recent rulings of the Connecticut Supreme Court cited above.
For the foregoing reasons, the defendants are not entitled to summary judgment as a matter of law because the defense of governmental immunity may not bar the plaintiff's claim against them.
The second count of the complaint is directed to Thivia and alleges, essentially, that he was negligent in the improper design of the golf course and in failing to warn the plaintiff of the dangerous condition of the golf course. Thivia has presented an affidavit in which he states that he had nothing to do with the design of the golf course and was not in charge of assigning tee off times on the date on which the plaintiff CT Page 1388 was injured. The plaintiff has not presented any evidence in opposition to Thivia's statements. However, Thivia's affidavit does not address the allegation of his failure to warn the plaintiff, and an issue of fact, therefore, remains as to that portion of the complaint.
For the foregoing reasons, Thivia's Motion for Summary Judgment based on the nonexistence of a dispute as to material facts is also denied.
BY THE COURT Aurigemma, J.