[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding arises out of a Motion for Summary Judgment filed on behalf of a defendant in a negligence action.
A review of the pleadings reveals the following factual claims. On March 30, 1990 the plaintiff Michael Lambert ("Michael") was operating a motor vehicle owned by the plaintiff Thomas Lambert ("Thomas") in a westerly direction on Woodford Avenue, Plainville, Connecticut. While Michael was so operating the motor vehicle, the vehicle came in contact with a low, box-like structure which structure had been constructed within the street line of Woodford Avenue.
Thereafter, the instant law suit was instituted naming several parties as defendants. In the third count of the complaint the plaintiff sued Frank Roche in his capacity as Police Chief of the Town of Plainville and the Town of Plainville, because of the negligence and non-feasance of Frank Roche in carrying out traffic duties.
Frank Roche has filed the Motion for Summary Judgment as a matter of law because he owes no private duty to the plaintiff and he has a qualified immunity for his discretionary acts. CT Page 4088
None of the parties has filed any exhibits or other factual documentation. The plaintiff has not filed any memorandum of law in opposition to the instant motion. Frank Roche did file a Memorandum of Law, thus the Motion for Summary Judgment will be decided on the factual claims made in the pleadings.
It must be assumed that the plaintiffs action is brought pursuant to Section 7-465 of the Connecticut General Statutes. Under this statute, the plaintiff must allege and prove that Roche owed a private duty to the plaintiffs and not just a duty to the general public. The plaintiffs have failed to allege and establish that Roche had a private duty toward them.
Further, Roche would be cleared with a limited immunity if any of the alleged negligence acts were done in the performance of a governmental duty. Roche would be liable if he were performing ministerial acts as opposed to immunity for discretionary acts. Governmental acts are performed for the benefit of the public and are discretionary in nature. Gauvin v. New Haven, 187 Conn. 180 (1982). The operation of a roadway system by a police department is a governmental function and it is a discretionary governmental function like the operation of a police department. Sanzone v. Board of Police Commissioners,219 Conn. 179 (1991).
Thus, the acts alleged against Roche are discretionary in nature and a qualified immunity would attach to him.
Accordingly, the Motion for Summary Judgment is granted as to count three.
JOHN M. BYRNE JUDGE, SUPERIOR COURT