[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #135
This is a seven count action against numerous defendants out of a construction contract, alleging fraudulent misrepresentation, negligence, breach of warranty, and CUTPA violations. The plaintiffs, Robert and Josephine Ernst, allege that they purchased a condominium in Stamford which contained substantial defects, causing thereto expend significant sums of money. One of the named CT Page 9427 defendants in the plaintiffs' revised complaint, dated February 25, 1992, is Michael Macri [hereinafter "defendant"], the chief building official in the City of Stamford. Plaintiffs allege in count seven that the defendant was negligent by failing to inspect the premises after significant architectural revisions and in issuing a certificate of occupancy for the condominium.
On September 24, 1993, defendant moved for partial summary judgment as to count seven, on the ground that the conduct alleged in the complaint is discretionary in nature and he is entitled to governmental immunity. In support of his motion, defendant submitted his own affidavit. On October 29, 1993, plaintiffs filed a memorandum of law in opposition to Macri's motion, attaching a portion of defendant's deposition in support of such opposition.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id, quoting State v. Groggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citation omitted; internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334
(1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted. Hammer v. Lumberman's Mutual Casualty Co., supra, 579. In deciding such a motion, the court must review the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, supra.
In support of his motion for summary judgment, defendant argues that the building official had no duty in this matter for which he can be held liable, that the determination of whether a structure is in compliance with the building code is a discretionary function that there is no statutory or building code requirement that a building official ensure that all work on a single family home conforms to the design and plans submitted to CT Page 9428 his office, and that the plaintiffs' complaint does not state a cause of action under General Statutes 52-557n(7). In response, plaintiffs argue that defendants' acts were ministerial rather than discretionary, so defendant is not entitled to protection under the doctrine of governmental immunity. Plaintiffs claim that defendants did have a duty to ensure that the structure complied with the building code, and that 52-557n(7) does not bar the action because it is not applicable to a municipal building official issuing a certificate of occupancy.
"A municipality's potential liability for its tortious acts is limited by the common law principal of governmental immunity." Heigl v. Board of Education, 218 Conn. 1, 4, 587 A.2d 423 (1991). However, governmental immunity is not a blanket protection for all official acts. Id. "`[A] municipal employee. . .has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . .' (Citations omitted.)" Evon v. Andrews,211 Conn. 501, 505, 559 A.2d 1131 (1989). "`[M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.'" Heigl v. Board of Education, supra, 5, quoting Gauvin v. New Haven, 187 Conn. 180,187, 445 A.2d 1 (1982). "`Governmental [or discretionary] acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . .'" Heigl v. Board of Education, supra, quoting Gauvin v. New Haven, supra.
There are three exceptions to immunity from liability for performance of discretionary acts by municipal employees, under which liability may attach even though an act was discretionary: where the circumstances make it apparent to the public officer that failure to act would be likely to subject an identifiable person to imminent harm, where a statute specifically provides for a cause of action against a municipal official for failure to enforce certain laws, and where the alleged acts involve malice, wantonness, or intent to injure rather than negligence. Evon v. Andrews, supra. "Whether the acts complained of. . .were governmental or ministerial is a factual question which depends upon the nature of the act complained of." Gauvin v. New Haven, 186; Couture v. Board of Education, 6 Conn. App. 309, 311, 505 A.2d 432 (1986).
There is not a Supreme Court or Appellate Court case which categorizes a building inspector's determination of whether a certificate of occupancy should be issued as discretionary as a matter of law. It is therefore found that whether the CT Page 9429 determination is discretionary or ministerial is a genuine issue of material fact. Accordingly, the court denies the defendants' motion for summary judgment.
KARAZIN, J.