[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
On November 10, 1993, the plaintiffs, Joseph Guglielmo, a minor, and his parent Anthony Guglielmo, filed a six count revised complaint against, among others, the Town of Waterford (town), the Waterford Board of Education (board), Michael Graner, principal of Waterford High School and James Cushner[1], a teacher at Waterford High School. Counts one and two of the plaintiffs' complaint are directed to the above defendants.
In count one, a negligence claim brought pursuant to General Statutes § 52-557n, the plaintiffs allege that the town and the board arranged and sponsored a ski trip for students of Waterford High School for January 25, 1994. On that same day, the plaintiff Joseph Guglielmo was a guest at the Sheraton Settlor's Green Hotel in North Conway, New Hampshire, the same place the students from Waterford High School were staying for their ski trip. The plaintiffs allege that on January 25, 1994, a group of Waterford High School students severely beat Joseph Guglielmo, without provocation, in the hotel's elevator. In paragraph nine of count one, the plaintiffs claim that the defendant's negligence caused injury to the plaintiff "in that one or more of said defendants: a) failed to properly supervise students during a school-sponsored trip; b) failed to provide sufficient chaperons [chaperones] to control the students during a school-sponsored trip; c) failed to prevent students from obtaining and/or consuming alcoholic beverages during the school-sponsored trip; d) permitted the consumption of alcoholic beverages by students on a school-sponsored trip; e) failed to enforce rules of behavior for the students during a school-sponsored trip; f) failed to prevent and/or control violent behavior on the part of students during a school-sponsored trip; g) failed to adopt suitable policies to prevent rowdy and/or violent behavior by students during school-sponsored trips; h) failed to enforce its policies to prevent rowdy and/or violent behavior by students during school-sponsored trips; [and] i) breached its duty of exercising reasonable care in the control and supervision of students in its charge;" Revised Complaint ¶ 9.
Count two is brought pursuant to General Statutes § 7-465
and claims that the town should be held liable for the CT Page 1096 negligence of its employees, Graner and Cushner.
In their answer to the plaintiffs' complaint, the defendants asserted four special defenses. The third and fourth special defenses assert that the town, board, Graner and Cushner "are immune from liability as they were engaged in a governmental act."
On August 25, 1994, the above mentioned four defendants filed the instant motion for summary judgment on the plaintiffs' claims against them with a supporting memorandum of law[2], arguing that the doctrine of governmental immunity applies to the present case and, therefore, that the plaintiffs' claims against them are barred as a matter of law. On September 23, 1994, the plaintiffs filed a memorandum in opposition to the motion for summary judgment.
Pursuant to Practice Book § 384, summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont PlasticsCorp. , 229 Conn. 99, 105, 639 A.2d 507 (1994). The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. "`A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case.'" Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
In determining whether an issue of material fact exists, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspaper, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). In deciding a motion for summary judgment, the trial court may consider affidavits and any other proof submitted by the parties, in addition to the pleadings. Pepe v. City of New Britain, 203 Conn. 281,285-86, 524 A.2d 629 (1987).
The defendants argue that there is no duty owing this plaintiff citing various cases claimed to support the view. Whatever the result of that analysis, however, the defendants appear to acknowledge that the plaintiff's allegations CT Page 1097 relating to the permitting of the consumption of alcoholic beverages could "afford the plaintiffs any chance of recovery . . ." (Defendants' Brief, page 9, 10.) The defendants claim, however, to have negated such disputed factual claims by certain "exhibits" which are neither attached to the Memorandum nor found elsewhere in the file.
The motion is denied because of the existence of a genuine issue of a material fact relating to the permitting of the use of alcoholic beverages and also because it is found that the question of whether the duty owed, if any, was discretionary or ministerial is also a fact question for the jury. Gauvin v. New Haven, 187 Conn. 180, 186 (1982).
Leuba, J.