[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
On July 20, 1994, the plaintiff, Antoinette Ramenda, filed a four count revised complaint against the defendants, the Congregation Beth Israel; Selma Kaufman, Republican Registrar of Voters for West Hartford; Eileen Horan, Democratic Registrar of Voters for West Hartford; and the Town of West Hartford, for injuries she sustained from a slip and fall while exiting a public polling site.
Count one is a claim of negligence against defendant Congregation Beth Israel ("Beth Israel"). In that count, the plaintiff alleges that Beth Israel, an ecclesiastical corporation, organized and existing under the laws of Connecticut, owned, operated, controlled, maintained, and/or supervised the premises known as the Temple Beth Israel in West Hartford, including the steps just outside the east exit of the temple. CT Page 1913
The plaintiff further alleges that on or about November 2, 1993, the plaintiff exited the temple, then serving as a public polling site, when she slipped and fell due to the defective and hazardous condition and location of the steps. The plaintiff alleges that her resulting injuries were caused by Beth Israel's negligence in that it; allowed its premises to be used as a public polling site when it knew, or should have known, of the danger the steps presented to members of the public, including the plaintiff; it failed to install handrails; positioned the steps too closely to the door; failed to make reasonable and proper inspections of the east exit; failed to provide adequate signs or warnings of the danger presented; and allowed the dangerous condition to exist for an unreasonable period of time.
In counts two and three, the plaintiff alleges that on the date above, defendants Kaufman and Horan (the "registrars"), respectively, were acting within the scope of their employment as municipal employees of West Hartford. The plaintiff alleges that her injuries were caused by the registrars' negligence for the same reasons listed against Beth Israel except that they chose to use Beth Israel's premises as a public polling site when they knew, or should have known, of the danger the steps presented to members of the public, including the plaintiff.
In count four, the plaintiff claims indemnity from West Hartford for the negligence of its employees pursuant to General Statutes § 7-465.
On August 17, 1994, the registrars and West Hartford, filed a motion to strike counts two, three, and four on the ground that Connecticut does not recognize a claim for negligence against municipal officers protected by immunity and does not recognize a claim for indemnification against a municipality where its officers are protected by immunity. As required by Practice Book § 155, the defendants have filed a memorandum in support of their motion to strike, and the plaintiff has timely filed a memorandum in opposition.
The purpose of the motion to strike "is to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The motion to strike "admits all facts well pleaded. . . . The allegations are entitled to the same favorable construction as a trier would be required to CT Page 1914 give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or cause of action, the [motion to strike] must fail." Id., 142.
The defendants argue in their memorandum that there is no prescribed statutory duty of a ministerial nature which requires the registrars to inspect and/or warn of structural health or safety hazards at or near the premises of polling sites which are not owned by or leased to the town of West Hartford. Therefore, the defendants argue that the duty to inspect, warn, or remedy a dangerous condition at the polling sites was discretionary and thus, the registrars are immune from civil liability pursuant to the doctrine of governmental immunity. The defendants further argue that there exists no exception to the governmental immunity doctrine which applies to this case.
In response, the plaintiff argues that by virtue of General Statutes § 9-169, the registrars had the ministerial duty to select a "suitable polling place in each district" and are, therefore, liable for their failure to properly inspect, warn of, or remedy the dangerous conditions at such polling sites. The plaintiff further argues that even if the acts of the defendants were discretionary, they remain liable under an exception to the governmental immunity doctrine.
"While Connecticut courts have approved the practice of determining whether a duty is ministerial or discretionary as a matter of law, such a determination is generally a question of fact. . . . A determination whether an act is discretionary or ministerial does not lend itself to resolution by a motion to strike. . . ." (Citations omitted.) Rosen v. Reale, Superior Court, judicial district of New London, Docket No. 527510 (January 13, 1994, Hurley, J.)
"Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded." Gauvin v. New Haven, 187 Conn. 180,184, 445 A.2d 1 (1982). If, however, "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, CT Page 1915 111, n. 3, 529 A.2d 743 (1987).
In the opinion of the court it is not apparent from the face of the complaint that the registrars were engaging in a governmental function while performing the omissions complained of by the plaintiff. Therefore, the defendant's should specially plead the defense of governmental immunity. Accordingly, that the defendants' motion to strike counts two, three and four is denied.
Hale, State Trial Referee