[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant North Central District Health Department moves to strike Count Five of the plaintiffs' complaint on the ground that it is immune from liability pursuant to General Statutes § 52-557n(b), the statutory codification of governmental immunity; and that, therefore, the CT Page 775 plaintiffs have failed to state a claim upon which relief can be granted. To qualify for the immunity provided in General Statutes § 52-557n(b)(7), the North Central District Health Department must have been carrying out a discretionary, rather than ministerial, function.
On or about March 31, 1994, the plaintiffs, William and Maxine Pugrab, purchased property, which included a newly installed well, located at 19 Barber Hill Road, East Windsor, Connecticut ("the property"). Subsequently, "[b]y a letter dated December 21, 1994, the plaintiffs were notified by the Connecticut Department of Environmental Protection ("DEP") that their well water contained concentrations of ethylene dibromide ("EDB") which far exceed levels permitted by Regulations of Connecticut State Agencies § 19-13-B101." (Amended Complaint, First Count, ¶ 14). "The DEP further notified the plaintiffs that they were no longer to use their well water for drinking or cooking purposes[.]" (Id., ¶ 15).
On November 3, 1995, the plaintiffs filed an amended ten count complaint against, inter alia, the District Health Department. In Count Five, the plaintiffs allege that the District Health Department was negligent "when itreviewed and approved a private water system for the property, notwithstanding the fact that the ground water did not meet applicable health and safety standards." (Id., ¶ 21).
On August 31, 1995, the District Health Department filed a motion to strike Count Five of the plaintiffs' complaint on the ground that because the District Health Department is immune from liability pursuant to General Statutes § 52-557n(b)(7), the plaintiffs have failed to state a claim upon which relief can be granted. As required by Practice Book § 155, on August 31, 1995, the District Health Department filed a memorandum in support of its motion to strike. On September 20, 1995, the plaintiffs filed a memorandum in opposition to the District Health Department's motion to strike.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike contests "the legal sufficiency of the CT Page 776 allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The motion to strike "admits all facts well pleaded." RKConstructors, Inc. v. Fusco Corp., supra, 231 Conn. 383
n. 2. Therefore, the court "cannot look beyond the complaint for facts not alleged." Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 537,546 A.2d 216 (1988). In addition, the motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Yale University v.Wurtzel, 3 Conn. L. Rptr. 520, 521 (April 9, 1991, Mihalakos, J.).
In its memorandum in support of its motion to strike, the District Health Department argues that in Connecticut, municipal officials are liable to private individuals only in very limited circumstances. The District Health Department further argues that at common law, municipal officials engaging in discretionary duties are immune from liability for negligence in performing those duties. The District Health Department argues that this common law rule is codified in General Statutes § 52-557n(b)(7), which provides that the municipality shall not be liable for "the issuance, denial, suspension, revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, where such authority is a discretionaryfunction by law unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety." (Emphasis added.)
The District Health Department is a statutory entity created pursuant to General Statutes § 19a-241. General Statutes § 19a-241 (a) provides that "[t]owns, cities and boroughs, by vote of their respective legislative bodies, after a public hearing, may unite to form district departments of health. The affairs of any such district department of health shall be managed by a board[.]" The powers and duties of the district health department boards are delineated in General Statutes § 19a-243 (a) which provides that "[e]ach such board may make and promulgate reasonable rules and regulations for the promotion of CT Page 777 general health within the district not in conflict with law or with the public health code. The powers of the board shall include but not be limited to the following enumerated powers: To sue and be sued; to make and execute contracts and other instruments necessary or convenient to the exercise of the powers of the health district; to make and from time to time amend and repeal bylaws, rules and regulations; to acquire real estate; and to have whatever other powers are necessary to properly carry out their powers as an independent entity of government."
To qualify for the governmental immunity provided in General Statutes § 52-557n(b)(7), the District Health Department, in reviewing and approving the plaintiffs' private water system, must have been carrying out a discretionary, as opposed to ministerial, function. "Whether the acts complained of . . . were governmental [discretionary] or ministerial is a factual question which depends upon the nature of the act complained of." Gauvinv. New Haven, 187 Conn. 180, 186, 445 A.2d 1 (1982). Therefore "[a] determination whether an act is discretionary or ministerial does not lend itself to resolution by a motion to strike." Ramenda v. CongregationBeth Israel, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0536069 (March 2, 1995, Hale, J.). Nevertheless, the Connecticut Supreme Court has held, in Gordon v. Bridgeport Housing Authority,208 Conn. 161, 179-80, 544 A.2d 1185 (1984) and Heigl v.Board of Education, 218 Conn. 6, 7, 587 A.2d 423 (1991), "that it was proper for trial courts to rule on a motion to strike when a determination of whether certain duties are ministerial or discretionary can be made as a matter of law." Viens v. Graner, Superior Court, judicial district of New London, Docket No. 524313 (June 28, 1993, Teller, J.).
This court concludes that it cannot be determined, as a matter of law, whether the District Health Department, in reviewing and approving the plaintiffs' private water system, was fulfilling a discretionary or ministerial function. Therefore, the determination of whether the District Health Department was fulfilling a discretionary or ministerial function is a question of fact. Accordingly, the District Health Department's motion to strike is denied. CT Page 778
Hennessey, J.