[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This case arises from a June 5, 1995 incident in which a garbage truck owned by Sanitary Services Corporation (SSC) and operated by its employee, Roland A. Lestage, Jr., backed into and traumatically amputated the left leg of plaintiff Helen Rosenfield as she walked on Mohawk Drive in West Hartford, Connecticut. Because the garbage truck, at the time of the incident, was being used to perform garbage removal work for the Town of West Hartford (Town) under a contract between the Town and SSC, the plaintiff brought this action to recover damages for her injuries not only against SSC and Lestage, but against the Town and three of its individual employees: Town Police Chief James J. Strillacci; Town Director of Public Works Dana Hallenbeck; and Town Manager Barry M. Feldman ("the municipal defendants").
The fifth count of the plaintiff's complaint alleges that the Town, acting through its employees, contracted with SSC for garbage removal services in the Town; that the Town and its named employees knew or should have known of complaints by residents regarding dangers to pedestrians and/or other traffic from the operation of large garbage trucks by SSC within the residential areas of the Town; that on and before June 5, 1995, the named employees knew or should have known that the sidewalks along Mohawk Drive near its intersection with Norwood Road were blocked by repairs; that the three named employees then knew or should have known that Norwood Road lacked an appropriate area to turn large garbage trucks on the public portion of that road; that the three named employees knew or should have known that the area of the Town near the intersection of Mohawk Drive and Norwood Road was a densely populated residential area; and that the plaintiff, Helen Rosenfield, suffered the injuries here in question when, on June 5, 1995, she and a friend were walking on the blacktop portion of Mohawk Drive because the sidewalks in that area were under repair. Against that background, the plaintiff further alleges in Count Five that the plaintiff's injuries and losses were caused by the carelessness and negligence of the named employees in one or more of the following ways:
 a) . . . [T]hey failed to provide police traffic protection for pedestrians walking in [the Norwood Road/Mohawk Drive] vicinity; CT Page 5114-B
 b) . . . [T]hey failed to take proper and adequate steps to reduce the hazard posed by [garbage] trucks to pedestrians, including the limiting or forbidding the backing of said trucks, designating turnaround areas and/or requiring a crew of at least two members on the large garbage trucks such as struck the plaintiff . . . ;
 c) . . . [T]hey failed to request or require that large garbage trucks be manned by a crew of two in areas in which the trucks would be required to back long distances and/or around corners in residential neighborhoods . . . ;
 d) . . . [T]hey failed to request or require that [SSC] . . . use smaller, more maneuverable garbage trucks in residential areas in which backing long distances and/or around corners would otherwise be required; [and]
 e) . . . [T]hey failed to check the driving records of the drivers of large garbage trucks hauling trash in residential neighborhoods pursuant to the contract with the Town of West Hartford.
Complaint, Count V ¶ 12. Counts Six and Seven of the Complaint are derivative of Count Five. Count Six seeks indemnification from the Town for the alleged negligence of its named employees, and Count Seven claims loss of consortium by the plaintiff's spouse, Albert Rosenfield.
On March 5, 1996, the municipal defendants moved to strike Counts Five, Six and Seven of the complaint, on the ground that they were immune from negligence liability under General Statutes § 52-557n(a)(2)(6). The defendants supported their motion with a memorandum of law. Later, when the plaintiff opposed the defendants' motion on the ground that the statute involved therein applies only to political subdivisions of the state, the defendants amended their motion, with the Court's permission, to state a common-law basis for their claim.
 I
A motion to strike tests the legal sufficiency of the pleadings. C.P.B. § 152, and admits all well-pleaded CT Page 5114-C allegations. Kilbride v. Dushkin Publishing Group Inc., 186 Conn. 718
(1982). When ruling on a motion to strike, the Court is limited to the facts alleged in the complaint. Gordon v.Bridgeport Housing Auth., 208 Conn. 161 (1988), and these facts must be construed in a light most favorable to the plaintiff.Amodio v. Cunningham, 182 Conn. 80 (1980). If facts provable in the complaint support a cause of action, the motion to strike must be denied. Westport Bank Trust Co. v. Corcoran, Mallin andAresco, 221 Conn. 490, 495 (1992).
 II
Although municipalities are generally immune from tort liability, "municipal employees historically were personally liable for their own tortious conduct. Evan v. Andrews, 211 Conn. 502,505 (1989). Today, however, a "municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." Burns v. Board of Education,228 Conn. 640, 645 (1994).
"Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." Gauvin v. New Haven, 187 Conn. 180, 184 (1982). A municipal employee who performs a governmental act is immune from suit unless his supervisory or discretionary conduct falls within one or more of three narrow exceptions:
 "First, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence."
Burns v. Board of Education, supra, 645 (quoting Evon v. Andrews,
supra, 505).
In this case, the defendants argue that the counts in question must be stricken because none of the specifications of negligence made against them involves either the doing of a ministerial act or the doing of a governmental act which falls within one of the exceptions to municipal employee immunity CT Page 5114-D listed above.
Though the availability of municipal employee immunity depends upon the nature of the employee's alleged conduct and the factual circumstances in which he engages in that conduct, our Supreme Court has concluded that that issue may at times be decided as a matter of law. Gordon v. Bridgeport HousingAuthority, supra. If the plaintiff's complaint, when read in the light most favorable to the plaintiff, states no facts upon which the employee can be found either to have misperformed a ministerial duty or to have performed a governmental act that falls within an exception to the municipal employee immunity doctrine, then the complaint or count thereof which fails to allege such facts must be stricken for failure to state a claim upon which relief can be granted. Id.
As here pleaded by the plaintiff, the negligent conduct of the defendant employees consisted generally of failing to respond to a developing condition of danger along Mohawk Drive and Norwood Road in West Hartford. The danger stemmed, it is alleged, from two circumstances. First, the City had contracted with defendant SSC, a local trash hauler, to remove garbage from residential neighborhoods using large, difficult-to-maneuver trucks on sometimes narrow residential streets. The operation of such trucks on the streets in question presented danger to both motorists and pedestrians in these areas because the trucks, unable to turn easily in those streets, were frequently required to back up for considerable distances or around corners to do the work required by the contract.
Second, this danger was enhanced, or so it is alleged, when the Town, through the named defendants, began a project to repair the sidewalks along Mohawk Drive near its intersection with Norwood Road. During the project, it is claimed, the sidewalk under repair was closed to pedestrian traffic in such a way that persons using it were required to pass by it on the street.
The defendants' alleged conduct, in the face of the above-described danger, clearly involved the performance of governmental acts, that is: acts of a supervisory or discretionary nature, performed wholly for the benefit of the public. As for the defendants' alleged failure to enhance the safety of the Town's garbage removal operations in one of the ways suggested in the complaint, it is apparent that no such course of conduct was required by law, specified by ordinance, CT Page 5114-E charter provisions or regulation, or mandated by contract. Though it is surely the duty of municipal officers responsible for public safety to take reasonable measures to that end, the particular steps they take to do so is a matter properly left to their discretion, in light of changing facts and circumstances, other municipal needs, and their own sound judgment and experience. It is simply ludicrous to suggest that a municipal police chief, public works director or city manager has no discretion to decide whether the Town's trash hauling contract should be written to require trucks of one size or another, truck crews of particular composition or qualification, or designated back-up areas in which the trucks were to turn around. While any or all of these suggestions might indeed have been adopted by the defendants in the good-faith exercise of their judgment and discretion, their multiplicity, as presented by the plaintiffs, confirms that there was more than ample room for choice among them or other public safety options in deciding how to handle the problem. Failure to adopt any particular solution to that problem would be no more than negligence in the performance of a discretionary governmental function, for which the named municipal defendants are qualifiedly immune from suit.
Similarly, the named defendants' alleged failure to assign Town police officers to the site of the sidewalk repair project was at most negligence in the performance of a discretionary governmental function. If the sidewalk repair project interfered with pedestrian traffic along the sidewalk in such a way as to make passage impossible, a number of solutions to that problem could have been adopted by the municipal defendants. They could, to be sure, have assigned police officers to direct vehicular and pedestrian traffic at the scene. They also could have roped or taped off the sidewalks to prevent any passage from corner to corner, thus requiring would-be pedestrians to cross the street at the corner and avoid the repair site altogether. Another option they had was to create a pedestrian walkway on the blacktop, marked with cones, paint, sawhorses, Jersey barriers the like. In sum, the officials responsible for maintaining safety on West Hartford's streets and sidewalks could legitimately have adopted many different solutions to the problem of a sidewalk under repair. Hence, their failure to adopt any one of them was not the violation of any nondiscretionary ministerial duty imposed by law, ordinance, regulation, contract or otherwise. The defendants are qualifiedly immune for their conduct in making that decision. CT Page 5114-F
The question thus arises whether any or the discretionary acts which form the basis of the plaintiff's claims against the municipal defendants falls within any recognized exception to Connecticut's municipal employee immunity doctrine. The plaintiff here claims that at least one such act — the failure to assign police officers to direct traffic around the sidewalk repair project on Mohawk Drive — so qualifies, because "the circumstances [then existing] ma[d]e it apparent to the public officer that his . . . failure to act would be likely to subject an identifiable person to imminent harm." Burns v. Board ofEducation, supra, 645 (quoting Evon v. Andrews supra, 505). For the following reasons, the Court agrees that when read in the light most favorable to the plaintiff, the complaint makes it possible to bring the plaintiff's claim on this subject within this exception.
The Burns Court construed the exception in question to apply not only to foreseeable individuals, but also to narrowly defined identified classes of foreseeable victims." Id., 646. On this score, the Court observed as follows:
 In delineating the scope of a foreseeable class of victims exceptions to I governmental immunity, our courts have considered numerous criteria, including the immanency of potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. . . .
 Other counts . . . have also considered whether the legislature specifically designated an identifiable subclass as the intended beneficiaries of certain acts; . . . whether the relationship was of voluntary nature; the seriousness of the injury threatened; the duration of the threat of injury; and whether the reasons at risk had the opportunity to protect themselves from harm.
Id., 647-48 (citations omitted).
Applying these criteria to the instant complaint, it is virtually impossible to tell how many such criteria work in favor of or against the plaintiff's claim. Most present factual issues that can only be resolved once discovery is conducted and light is shed on such matters as the duration of the danger, the number of people routinely using sidewalks in the area, the speed and CT Page 5114-G volume of passing traffic, the width of the subject roadway and other relevant facts. Accordingly, the Court concludes that any pretrial decision adverse to the plaintiff on this issue must await a motion for summary judgment.
The defendants' motion to strike is denied.
Michael R. Sheldon, J.