[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION FOR RECONSIDERATION
The plaintiff, Joan Peterson, allegedly sustained injuries while attending a fireworks display at a park owned by the town of North Canaan (town) on July 25, 1998. The plaintiff seeks to recover damages for such injuries and filed a second revised complaint in six counts on December 1, 2000, against, among others, the town and Douglas E. Humes, Jr., first selectman of the town of North Canaan. The complaint sounds in negligence, absolute nuisance and negligent nuisance. The town and Humes moved to strike five counts of the complaint on April 2, 2001, and the court partially granted the motion on June 20, 2001, on the basis of governmental immunity. The plaintiff moves for reconsideration of the court's decision, claiming that the question of whether the operation of a municipal park is governmental or ministerial is one of fact. The plaintiff cites to Gauvin v. New Haven, 187 Conn. 180 (1982), as well as numerous Superior Court decisions in support of the motion.
"It is axiomatic that ministerial acts [are those that] are performed in a prescribed manner without the exercise of judgment. . . ." Evon v.Andrews, 211 Conn. 501, 506, 559 A.2d 1131 (1989). In Evon v. Andrews, the Supreme Court affirmed the trial court decision to strike one count of a complaint reasoning that "since the acts alleged . . . required in some measure the exercise of judgment by a municipal employee, we conclude that they were not ministerial and therefore the defendants were immune from liability." Id., 507.
While the Supreme Court stated in dicta that the determination of whether certain acts relating to the operation of a city park are governmental or ministerial is a factual question; see Gauvin v. NewHaven, supra, 187 Conn. 186; the plaintiff must nevertheless plead facts from which the court may make such a conclusion. "If the acts are considered governmental in character, then the defendant is not liable CT Page 9841 because the plaintiff has not alleged statutory liability and the defendant is otherwise immune." Id., citing Wysocki v. Derby,140 Conn. 173, 174, 98 A.2d 659 (1953).
The court does not take issue with the Superior Court decisions cited by the plaintiff in support of this motion. The court must, however, point out that in each of those decisions there was reason to find that there were disputed factual issues as to whether the defendant was acting in a ministerial rather than a discretionary manner.[1] See, e.g.,Lyles v. City of Stamford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 340593 (November 22, 2000, Skolnick, J.) (plaintiffs provided deposition transcripts where director of health department testified that parks and recreation department was expected to post proper signs); Daniels v. City of Meriden, Superior Court, judicial district of New Haven at Meriden, Docket No. 258721 (May 5, 2000,Robinson, J.) (plaintiff alleged that there was objective information available regarding the proper maintenance and inspection of softball fences); Imfeld v. Town of West Hartford, Superior Court, judicial district of New Britain, Docket No. 479691 (Dec. 15, 1999, Wollenberg,J.) (plaintiff alleged a statutory duty); Trimpert v. Bridgewater FireDepartment, Superior Court, judicial district of Litchfield, Docket No. 069074 (Sept. 19, 1996, Pickett, J.) ("genuine issues of material fact exist with regard to whether the acts complained of in operating a city park were governmental or ministerial"); Busa v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 251466 (June 7, 1994, Maiocco, J.) ("certain maintenance functions, when performed by municipal employees pursuant to a directive issued by municipal policy makers, may be ministerial in nature").
In this action, the plaintiff alleges that the town was negligent by allowing a ditch to exist in a park. She alleges that the ditch constituted a dangerous and unsafe condition and the town should have known of its existence and failed to fill or eliminate it. She further alleges that the town failed to adequately light the area around the ditch, failed to warn persons of the area, and failed to mark, guard or barricade it. She alleges that the town failed to maintain the park in a reasonably safe condition and failed to inspect or investigate the condition of the park. Here, based on the facts as alleged by the plaintiff, the court found, as a matter of law, that the acts in question involve some measure of judgement by municipal employees and were of a discretionary or governmental nature. The Supreme Court did likewise inEvon v. Andrews, supra, 211 Conn. 507.
Accordingly, because the plaintiff fails to allege any statutory or other obligation from which the court may determine that there is some question as to whether the acts in question were ministerial rather than CT Page 9842 discretionary or governmental, the motion for reconsideration is denied.
Matasavage, J.